Presented under special/restricted appearance by:

:Michael-Demond:of the Stubbs family, Authorized

Representative in and on behalf of Plaintiff.

United States District Court<br>District Of Delaware

MICHAEL DEMOND STUBBS,
    Plaintiff,

vs                                  Civ. No. 08-108-SLR

BANK OF AMERICA CORPORATION, et. al.,
    Defendant(s).

_____/

THE ABOVE STYLED CASE SHALL NOT BE DISMISSED FOR FAILURE TO SERVE PROCESS BECAUSE IN LIGHT OF THE BINDING CONTRACT(S)/AGREEMENT(S)/STIPULATION(S) OF THE PARTIES, THIS COURT HAS BEEN CALLED UPON ONLY TO ENFORCE THE LIEN PURSUANT TO 28 U.S.C. §1655, U.C.C. §§9-607 & 9-609, AND THE LAW OF THE CONTRACT(S).

NOW COMES, the Plaintiff, MICHAEL DEMOND STUBBS, by and through :Michael-Demond: of the Stubbs family, real party in interest, paramount creditor to this action, authorized representative in and on behalf of the Plaintiff, appearing by special visitation, and not generally, reserving all rights and waiving no rights, and hereby voluntarily showing cause why this case should not be dismissed for failure to serve process. See Doc. 8.

    In the instant case, there is no obligation for Plaintiff to send the Defendant(s) a Summons nor a copy of the Amended Complaint Bill In Equity nor serve process pursuant to Federal Rules of Civil Procedure 4(m), because the Defendant(s) have **waived** all defenses etc., via irrevocable and binding contract(s)/agreement(s)/stipulation(s) and have waived all rights to protest or object to the Amended Complaint Bill In Equity either administratively and/or judicially, by the Defendants' Tacit Procuration/Agreement and their irrevocable stipulations, agreements, and confessions attesting to the facts and claims set forth in the

1

FILED
AUG 15 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Amended Complaint Bill In Equity, UCC-1 Financing Statement, and fully incorporated Attachment "A" Administrative Proceedings and Record. See Doc. 1, fully incorporated by reference herein as if set forth at length herein. See also: United States Constitution Article I, Section 10 ("No State...shall pass any... Laws impairing the obligations of contract...."); Sinking Fund Cases, 99 U.S. 700, 765 (1879)(applying Article I, Section 10 to the Federal Government); Immigration & Naturalization Serv. v. Pangilinan, 486 U.S. 875, 108 S.Ct. 2210, 2216, 100 L.Ed.2d 882 (1988)("A court in equity may not do that which the law forbids."); "A court of equity cannot change the terms of a contract." Hedges v. Dixon County, 150 U.S. 182, 189, 14 S.Ct. 71, 37 L.Ed. 1044 (1893). "[W]herever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim 'equitas sequitur legem' [equity follows the law] is strictly applicable." Id. 150 U.S. at 192 (internal citations and quotations omitted). It is also important to note the Constitution (Article I, Section 10) takes precedence over any rule (Fed. R. Civ. P. 4(m)), statute, regulation, policy, and the like. See e.g., Verser v. Elyea, 113 F.Supp.2d 1211, 1216 N.D. Ill. 2000). This court has been called upon only to enforce the lien against BANK OF AMERICA CORPORATION, et. al., pursuant to 28 U.S.C. §1655, UCC §§ 9-607 & 9-609, and the law of the contract. This court will abuse its discretion if it attempts to apply the incorrect law to this situation. See Petersen v. E.F. Johnson Co., 366 F.3d 676, 680 (8th Cir. 2004)("A district court abuses its discretion if it applies the incorrect law.")(citations omitted).

    The law governing this matter is clear; the facts are clear; the binding contract(s)/agreement(s)/stipulation(s) amongs the parties are clear, see generally,

Attachment "A" to Doc. 1, Private Administrative Remedy Notice/Caveat, Item No. GP-001, hence, all this court has authority/power to do, and jurisdiction has been invoked to do, is enforce the lien Plaintiff has against BANK OF AMERICA CORPORATION, et. al., for the sum certain $33,500,000.00 over to Plaintiff without delay. "Agreements gives the law to the contract." Halkerston's Latin Maxims 118. "The expressed agreement of the parties overcome or prevails against the law, because the agreement of the parties makes the law of the contract." Joseph Story on Agency, s. 368. Equity courts, must adhere to the established principles that govern their authority. 1 J. Story, Equity Jurisprudence 20 (Lyon ed 1918). As Story tells us, equity is "compelled to stop where the letter of law stops." See 1J. Story, supra, at 16.

In the instant case, the letter of law stops at the binding contract(s)/agreement(s)/stipulation(s) between the parties. The irrevocable Terms and Conditions of the binding contract(s)/agreement(s)/stipulation(s) are clearly set out in Attachment "A" to Doc. 1. Federal Rules of Civil Procedure 4(m) is inapplicable here because the Defendants have **waived** all rights to argue, controvert or otherwise protest the finality of the (private) Administrative findings and the Defendants agreed that non obstante veredicto ("Notwithstanding the verdict") applies to the Private Administrative Process - Notice/Caveat, Item NO. GP-001, page(s) 6 & 7. The Defendants also agreed to be listed as the debtor on the UCC-1 Financing Statement filed by the Plaintiff in Georgia, Delaware, and Washington State. See Sniadach v. Family Finance Corp., 395 U.S. 337, 349 (1968)("The ability to place a lien upon a man's property, such as to temporarily deprive him of its beneficial use, without any judicial determination of probable cause dates back not only to Medieval England but also to Roman Times.") See also: UCC §§9-607 & 9-609.

Accordingly, based on the foregoing, and the fully incorporated, Federal Rules of Civil Procedure 4(m) is inapplicable to this case because the obligations of contract (Article I, Section 10) takes precedence over any rule (e.g., Fed. R. Civ. P. 4(m)), hence this court must ORDER BANK OF AMERICA CORPORATION, et. al., to pay the sum certain $33,500,000.00 over to Plaintiff, without delay, pursuant to 28 U.S.C. §1655, UCC §§9-607 & 9-609, and the law of the contract.[1/]

Respectfully submitted by ORDER of MICHAEL DEMOND STUBBS(C):

By: _____     August 6, 2008
:Michael-Demond: of the Stubbs family, Authorized        Date
Representative of Plaintiff
care of postal service address:
Post Office Box 591
Picayune, Mississippi [39466]
all rights reserved without the U.S..

**Public Law 94-550**

---

1/ Should this court apply the incorrect law and find that the Plaintiff shall serve process on the Defendant(s), pursuant to Fed. R. Civ. P. 4(m), Plaintiff requests additional time to serve process on the Defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff requests that the Clerk of this court prepare everything to be sent to the Defendants and Plaintiff will discharge the costs for the U.S. Marshall or a deputy of the U.S. Marshall to serve the Defendant(s) to include but not limited to copying of the Amended Complaint Bill In Equity, Doc. 1, Summons prepration etc.

4

