IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL DEMOND STUBBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 08-108-SLR-LPS |
| | : | |
| BANK OF AMERICA CORPORATION, | : | |
| NATIONAL BANK, and | : | |
| KENNETH D. LEWIS | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PETITION TO SEIZE PROPERTY

1. The precise nature of the instant case is unclear, although it appears to be an action for breach of contract and/or related relief.[1] Plaintiff, proceeding *pro se*, has filed a short "Amended Complaint Bill in Equity" ("Complaint"), to which he has attached a 140-page "Attachment 'A,'" purportedly consisting of the "administrative record and proceedings" in the case. (D.I. 1) Defendants move to dismiss for failure to state a claim, arguing that Plaintiff fails to meet the liberal notice pleading standard of Federal Rule of Civil Procedure 8. In response, Plaintiff moves for summary judgment, arguing that Defendants "have waived all defenses under contract." (D.I. 23 at 1) Plaintiff further moves to seize Defendants' property in the amount of $33,500,000.00. For the reasons set forth below, I recommend dismissing Plaintiff's claim without prejudice. I further recommend denying Plaintiff's motion for summary judgment as

---

[1] *See* D.I. 1 ¶ 17 ("Defendants(s) has waived all defenses under contract. . . ."); D.I. 1 ¶ 20 ("Plaintiff requests this honorable court to find the facts and execute on the law of the contract before this court.").

1

well as his petition to seize property.

2. "To survive a motion to dismiss [made pursuant to Fed. R. Civ. Proc. 12(b)(6)], a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (internal quotation marks omitted). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

3. When a litigant proceeds *pro se*, her submissions "are to be construed liberally and held to less stringent standards than [the] submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [a] litigant's unfamiliarity with rule requirements." *Kloth v. Southern Christian University*, 494 F.Supp.2d 273, 278 n.7 (D. Del. 2007).

4. The Complaint does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2). The section of the Complaint labeled "Facts" contains no specific factual allegations; it merely states

Plaintiff's belief that he "has exhausted all administrative remedies" related to an unspecified matter and "has established judgment in estoppel" against the Defendants, apparently based on Defendants' "non-response" to certain unspecified administrative filings. D.I. 1 ¶¶ 7-14; *see also id.* ¶ 17 ("Defendant(s) . . . is estopped from raising a defense for failure to respond to original administrative process."). Under "Legal Claims," the Complaint merely alleges that Plaintiff is "entitled to relief in this equitable claim" and reiterates that Defendants have "waived all defenses under contract," without setting forth any specific claims or causes of action. *Id.* ¶¶ 15-18.

    5.    While the voluminous, unnumbered "Attachment A" to the Complaint contains several vague passing references to <u>potential</u> counts Plaintiff at various times threatened to allege, it, too, fails to provide "a short and plain statement of the claim." Its contents, which appear to be arranged in roughly reverse chronological order, include: (1) a copy of a December 31, 2007 letter to Plaintiff from the Office of the Comptroller of the Currency (OCC), indicating that Plaintiff opened a case with the OCC, "request[ing] to place a lien against [Defendant Bank of America's] assets because it verified funds on a check and guaranteed the check but the account has not been credited for the funds," and informing him that because privacy laws prohibited Bank of America from responding to his inquiry, the case was resolved (D.I. 1 at 6); (2) a December 26, 2007 letter from Plaintiff to Bank of America, announcing his intention to "file a private criminal complaint against you . . . for violations of, including but not limited to, 18 U.S.C. §§ 241-242," *id.* at 11; (3) an August 6, 2007 "Affidavit of Obligation Commercial Lien" filed by Plaintiff with the Georgia Department of Banking and Finance, declaring that, after Jaycee Development L.L.C. ("Jaycee") received "verification from an employee/agent" of

3

Bank of America that it accepted Bills of Exchange, the bank subsequently failed to credit Jaycee's account with a "Bonded Bill of Exchange Order" for $9,500,000 from Plaintiff, *id.* at 67; and (4) a May 12, 2007 letter from Plaintiff to Defendant Kenneth D. Lewis, C.E.O. of Bank of America, titled "Notice of Tort Claim with Opportunity to Cure and Assessment for Damages, Etc.," in which Plaintiff writes that he is "initiating [a] Private-Administrative Process/Remedy" against Lewis for "private injuries and violations of commercial due process of law, violations of equal protection of the law, fraud on the contract, violations of the Uniform Commercial Code as adopted by the State of Georgia, wrongful dishonor . . . , failure of consideration, defamation, commingling, unlawful conversion, assumpsit, among other injuries and violations," and declaring that any failure to respond would be treated by Plaintiff as confession to "untold private injuries and violations of commercial due process, violations of the Uniform Commercial Code and violations of the Banking Deposit Laws. There will also be violations of equal protection of the law, fraud on the contract, failure of consideration, no meeting of the minds and dishonor of the deposited tendered instrument . . . financial and commercial stress and mental anguish," *id.* at 71, 77.

6. In briefing on his motion for summary judgment, Plaintiff maintains that his May 12, 2007 letter to Lewis "clearly gives the Defendants notice of the claims being asserted." (D.I. 23) However, rather than enumerate Plaintiff's claims, the May 12 letter merely cites some vague and conclusory general claims as examples of the "untold . . . violations" of which he intends to accuse Defendants. *Id.* Even if all of Plaintiff's intended claims appear by name at some point in the 140 pages of unnumbered documents that make up "Attachment A," if Defendants must look to a brief on a motion Plaintiff filed in response to their motion to dismiss

just to learn what Plaintiff's claims actually are, then Plaintiff has failed to comply with either the letter or spirit of Rule 8(a)(2).

7.     With due regard for Plaintiff's *pro se* status, I nonetheless conclude that he has failed to meet the basic pleading requirements set forth in Rule 8(a). *See Rhett v. New Jersey State Superior Court*, 260 Fed. Appx. 513, 515, 2008 WL 94801, at *1 (3d Cir. Jan. 10, 2008) (affirming dismissal with prejudice of *pro se* plaintiff's second amended complaint for failure to provide "short and plain statement" of claim as required by Rule 8(a)). However, "[w]hen a district court is presented with a confusing and/or illegible complaint, the court may not dismiss the complaint pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective pleading." *Moss v. United States of America*, 2009 WL 1164637, at *1 (3d Cir. May 1, 2009). Thus, I recommend Defendants' motion to dismiss be granted without prejudice to Plaintiff's opportunity to file a complaint complying with Rule 8(a) – one that gives Defendants fair notice of the conduct with which they are charged – within sixty (60) days of the Court's order granting Defendants' motion to dismiss.

8.     Because I recommend dismissing the Complaint without prejudice, there is no need to reach the merits of Plaintiff's motion for summary judgment or his motion to seize property. I recommend denying both the motion and the petition.

## RECOMMENDED DISPOSITION

Accordingly, for the reasons set forth above, I recommend:

  a. Defendants' motion to dismiss (D.I. 20) be GRANTED and the Complaint be dismissed without prejudice to Plaintiff's ability to file a Complaint that complies with the notice pleading standards set forth in Rule 8(a) within sixty (60) days of an Order of the Court granting Defendants' motion to dismiss.

  b. Plaintiff's motion for summary judgment (D.I. 23) and petition to seize property (D.I. 27) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within ten (10) days after being served with a copy of this Report and Recommendation.** Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within ten (10) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.** The parties are directed to the Court's Standing Order in *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: July 24, 2009

               _____
               Honorable Leonard P. Stark
               UNITED STATES MAGISTRATE JUDGE