## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICHAEL DEMOND STUBBS,            :
                                  :
                Plaintiff,        :
                                  :
        v.                        :        Civ. No. 08-108-SLR-LPS
                                  :
BANK OF AMERICA CORPORATION,      :
NATIONAL BANK, and                :
KENNETH D. LEWIS                  :
                Defendants.       :

## REPORT AND RECOMMENDATION REGARDING
## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

1.      The exact nature of the present case remains somewhat unclear.  It appears to be
an action for unlawful conversion, breach of contract, breach of fiduciary duty, fraudulent
inducement, wrongful dishonor of a financial instrument under the Uniform Commercial Code
("UCC"), and for enforcement of a lien under the UCC.  After the Court adopted my
recommendation that Plaintiff's initial complaint (D.I. 1) be dismissed without prejudice for
failure to comply with Federal Rule of Civil Procedure 8(a)(2) (D.I. 37), Plaintiff filed an
Amended Complaint (D.I. 38) (hereinafter "Amended Complaint").  In response, Defendants
Bank of America Corp., National Bank, and Kenneth D. Lewis (collectively "Defendants" or "the
Bank") filed another motion to dismiss for failure to state a claim, on the grounds that the
Amended Complaint, too, violates the pleading standards of Rules 8(a) and 9(b) because it fails
to allege facts from which Defendants may determine Plaintiff's actual claims.  (D.I. 39)  For the
reasons set forth below, I recommend that Defendants' motion be DENIED IN PART and
GRANTED IN PART.

1

2.      Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it stands.'" *Lorah v. Dep't of Nat. Resources and Envtl. Control*, 2007 WL 2049908, at *2 (D. Del. July 16, 2007) (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted).  While a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.*  A properly pled complaint's factual allegations must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations  . . . are true (even if doubtful in fact)." *Id.* at *2.  "Naked assertions" of entitlement to relief, however, will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

3.      Pursuant to Federal Rule of Civil Procedure 9(b), when a complaint alleges fraud or mistake "a party must state with particularity the circumstances constituting fraud or mistake," while "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Although a plaintiff is not required to allege every material detail – such as date, location, or time – a plaintiff must plead the circumstances of the fraud with sufficient particularity "to place defendants on notice of the precise misconduct with which they are charged." *Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *13 (D. Del. Sept. 30, 2008), *aff'd* 2009 WL 3041997 (3d Cir. Sept. 24, 2009); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

4.      When a litigant proceeds *pro se*, her submissions "are to be construed liberally and held to less stringent standards than [the] submissions of lawyers.  If the court can reasonably

2

read the submissions, it should do so despite failure to cite proper legal authority, confusion of

legal theories, poor syntax and sentence construction, or [a] litigant's unfamiliarity with rule

requirements." *Kloth v. Southern Christian Univ.*, 494 F. Supp. 2d 273, 278 n.7 (D. Del. 2007),

*aff'd* 320 Fed. Appx. 113 (3d Cir. Aug. 05, 2008).  Moreover, "[w]hen a district court is

presented with a confusing and/or illegible complaint, the court may not dismiss the complaint

pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective

pleading." *Moss v. United States*, 329 Fed. Appx. 335, 336 (3d Cir. May 1, 2009); *see also*

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 179-180 (3d Cir. 1988).

     5.    As he did with his initial complaint, Plaintiff has attached to his Amended

Complaint a voluminous set of documents that he argues substantiates his claims.  While much

of Plaintiff's Amended Complaint recites irrelevant facts or legal principles, it appears that

Plaintiff's Amended Complaint does have enough "thrust" such that the general outlines of some

of his claims are discernible.  *See Alston v. Parker*, 363 F.3d 229, 231 (3d Cir. 2004)

(recognizing that *pro se* complaint satisfied Rule 8, despite being susceptible to multiple

interpretations).

     6.    Plaintiff's claims appear to include, among other things, unlawful conversion,

breach of contract, breach of fiduciary duty, fraudulent inducement, wrongful dishonor of a

financial instrument under the UCC, and enforcement of a lien under the UCC.  Plaintiff alleges

the following as the basis of his claims:

- On or about November 30, 2006, a company called Jaycee Development LLC ("Jaycee") mailed Plaintiff an invoice in the amount of $9.5 million dollars (D.I. 38 at ¶ 2);

- On or about December 14, 2006, Plaintiff mailed Jaycee "a discharging

3

instrument" – specifically, the "Bonded Bill of Exchange Order" ("BBEO") – to discharge the $9.5 million debt to Jaycee (*Id.* at ¶ 3);

- Jaycee accepted the BBEO without objection, and on or about December 14, 2006, after confirming that Bank of America accepted Bills of Exchange, Jaycee's CEO delivered the BBEO to the Bank of America branch located at 4492 Roswell Rd., NE, Atlanta, Georgia, 30342, to be deposited in Jaycee's account (*Id.* at ¶¶ 4, 7);

- Several days later, Jaycee's CEO phoned "an employee/agent" of Bank of America inquiring about the status of the BBEO.  The employee/agent informed Jaycee's CEO that the BBEO was routed to Bank of America's "California Processing Center that deals exclusively with unique financial instruments such as bills of exchange" (*Id.* at ¶ 8);

- Plaintiff contacted Bank of America several times between May and July 2007 by sending the Bank a variety of documents, such as a "Notice of Tort Claim," a "Notice of Fault and Opportunity to Cure," and "Invoices of Verified Statements" indicating a debt to Plaintiff for $9.5 million dollars; Plaintiff received no response to these contacts (*Id.* at ¶¶ 17-25);

- On or about July 16, 2007, Plaintiff recorded a UCC-1 Financing Statement with the Superior Court of Fulton County, Georgia, listing Plaintiff as the secured party and Defendants as debtors for a contractual obligation in the amount of $33,500,000.00.  Plaintiff recorded the same UCC-1 Financing Statement with the Delaware Secretary of State's office in December 2007 (*Id.* at ¶¶ 26-27);

- On or about August 6, 2007, Plaintiff mailed an "Affidavit of Obligation Commercial Lien" to the Georgia Department of Banking and Finance, demanding that a commercial lien be placed on Defendants' operational, commercial, or public hazard bond until $33.5 million was paid in full to Plaintiff (*Id.* at ¶ 28); the Affidavit was forwarded to the United States Office of the Comptroller of Currency (OCC) shortly thereafter (*Id.* at ¶ 29);

- On December 14, 2007, the OCC responded to Plaintiff's complaint, notifying him that the OCC had heard from the Bank but privacy laws prevented further disclosure of the Bank's response (*Id.* at ¶ 30; *see also* Attachment 17);

- As of the date the Amended Complaint was filed, Jaycee's account has not been credited with the BBEO's $9.5 million in funds, nor have Defendants provided Plaintiff with a "written Notice of Dishonor" of the BBEO, nor have Defendants provided "disclosure as to what happened to the original [signed BBEO]," nor has the BBEO been returned to either Plaintiff or Jaycee (*Id.* at ¶ 10); and

- Defendants' actions have caused "injury to Plaintiff's private and personal rights, commercial rights, property, peace of mind and otherwise," and have damaged Plaintiff's "state of mind, well being, and have caused substantial financial injuries." (*Id.* at ¶¶ 11-12).

Based on the above, Plaintiff requests that the Court "enforce the Perfected Security Interest/Commercial Lien against Defendants" in the amount noted on the UCC-1 Financing Statement; that is, $33.5 million. (D.I. 38 at ¶ 39)

7.      Although a substantial portion of the collection of facts, rhetoric, and citations in the Amended Complaint are legally irrelevant to Plaintiff's claims, enough factual allegations are presented such that, when taken as true and with all reasonable inferences found in Plaintiff's favor, Defendants are on notice of Plaintiff's claims for unlawful conversion and wrongful dishonor of a financial instrument. These claims appear to be predicated, at least in part, on the OCC's December 17, 2007 letter to Plaintiff (attached to the Amended Complaint), which implies that the OCC discussed Plaintiff's allegation – that a lien against the Bank was warranted because the Bank "verified funds on a check and guaranteed the check but the account has not been credited for the funds" – with the Bank before responding to Plaintiff. (D.I. 37, Attachment 17) Defendants' instant motion papers also indicate that they understand that the lien Plaintiff seeks to enforce is based on the Bank's alleged failure to credit Jaycee's account for an amount deposited by check. (D.I. 39 at 4) This is enough to satisfy Rule 8's requirements at this early stage of the case with respect to Plaintiff's unlawful conversion and wrongful dishonor claims, particularly when taking into account his *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 93-95 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"); *Spruill v. Gillis*, 372 F.3d

5

218, 236 n.12 (3d Cir. 2004) (complaint must plead facts sufficient at least to "suggest" a basis for liability); *Alston*, 363 F.3d at 234-35.

8. I recommend that the Court also deny the motion to dismiss as it pertains to the Plaintiff's claim for enforcement of the lien against the Bank. The lien's UCC-1 Financing Statement reveals that the basis for the lien's validity is the Bank's "agreement/stipulation via Tacit Procuration as established by the judgment of the Private Tribunal." (D.I. 37, Attachment 12) The Private Tribunal appears to consist of several non-parties who attest that the Bank never responded to Plaintiff's letters enclosing various "Notice/Caveats," "Verified Statements of Account," and "Notices of Fault with Opportunity to Cure." Plaintiff's attempt to use the Bank's silence in response to these communications from the Plaintiff to somehow create an enforceable stipulation or agreement as to the validity of his claimed lien is curious. Yet, I cannot say that Plaintiff has failed to comply with Rule 8.[1]

9. Plaintiff's claims regarding fraudulent inducement, misrepresentation, and other fraud-related conduct are subject to Rule 9(b)'s heightened pleadings requirements. Even considering Plaintiff's *pro se* status, Plaintiff has failed to meet the requirements of Rule 9(b). The Amended Complaint does not allege a particular person associated with the Bank who committed fraud or made a misrepresentation; nor does it allege, even generally, a culpable state

---

[1]Whether Plaintiff has failed to state a claim on which relief can be granted is not an issue before me today. I am only evaluating the sufficiency of the claims under Rule 8 (and, for the fraud-related claims, Rule 9). While Defendants have moved to dismiss under Rule 12(b)(6), and cite authority that the basis for dismissing claims that fail to meet the pleading standards of Rules 8 and 9 is Rule 12(b)(6), *see* D.I. 39 at 6 (citing *Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005) and *In re Student Finance Corp.*, 2004 WL 609329, at *1 (D. Del. Mar. 23, 2004)), I am not today considering whether the claims that satisfy Rule 8 and/or Rule 9 also satisfy Rule 12(b)(6)'s independent obligation to state a claim upon which relief may be granted.

of mind on the part of the alleged perpetrators.  Because these deficiencies likewise plagued

Plaintiff's original complaint and they have not been cured, I recommend that the fraud-based

portions of the Amended Complaint be dismissed with prejudice.

10.     The Amended Complaint lists other legal claims, specifically: "breach of fiduciary

duty, . . . failure of consideration, interference with prospective economic advantage, defamation,

commingling," "assumpsit, negligence, failure to exercise ordinary care in handling an item and

otherwise," "violations of equal protection of the law," "violations of commercial due process of

law," and "violations of the RICO Act."  (D.I. 37 at ¶ 11)  After reviewing the Amended

Complaint, attachments, and the documents incorporated therein, I find that Plaintiff has failed to

provide Defendants with fair notice of the grounds upon which these claims rest.  I recommend

that these claims be dismissed with prejudice for failure to comply with Rule 8(a)(2).

## RECOMMENDED DISPOSITION

For the reasons stated above, I recommend that Defendants' Motion to Dismiss be

GRANTED IN PART AND DENIED IN PART.  Specifically, I recommend that the motion be

denied with respect to Plaintiff's claims against Defendants for unlawful conversion, wrongful

dishonor of a financial instrument, and enforcement of the lien.  I further recommend that the

motion to dismiss be granted with respect to any additional claims Plaintiff is attempting to

allege in the Amended Complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections

**of no longer than ten (10) pages within fourteen (14) days after being served with a copy of**

**this Report and Recommendation**.  Fed. R. Civ. P. 72(b).  The failure of a party to object to

7

legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within fourteen (14) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.**

The parties are directed to the Court's Standing Order In *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: February 23, 2010

Hon. Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE