IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DEMOND STUBBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-108-SLR ) |
| BANK OF AMERICA CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

Michael Demond Stubbs, Picayune, Mississippi. Pro Se Plaintiff.

Denise Seastone Kraft and Aleine Michelle Porterfield, Esquires, DLA Piper LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June 13, 2012
Wilmington, Delaware

[signature] ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Michael Demond Stubbs ("plaintiff"), who proceeds pro se, filed this civil action on February 19, 2008. (D.I. 1) An amended complaint was filed on November 20, 2009. (D.I. 38) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will dismiss the complaint pursuant to Fed. R. Civ. P. 37 and for failure to prosecute.

## II. BACKGROUND

The Public Access to Court Electronic Records ("PACER") website indicates that plaintiff was an incarcerated individual within the Federal Bureau of Prisons ("BOP") when he initiated this lawsuit.[1] (*See United States v. Stubbs*, Crim. No. 97-754-JGC-1 (N.D. Oh.)) Plaintiff was arrested on September 18, 1997, and it appears that he remained in custody until his release from prison on April 9, 2010.[2] (*Id.* at D.I. 112, 747, 753) Plaintiff is currently on supervised release, having unsuccessfully sought to transfer jurisdiction of his criminal case to the Southern District of Mississippi. (*Id.* at D.I. 753, 754) The post office box mailing address that plaintiff has provided to his sentencing court is identical to the address he provided to this court upon the initiation of

---

[1]Plaintiff pled guilty to conspiring to distribute and to possess cocaine, cocaine base, and marijuana for intended distribution; aiding and abetting an attempted murder-for-hire; and conspiring to use and carry firearms during and in relation to a drug-trafficking crime. *Stubbs v. United States*, No. 08-4563 (6th Cir. Oct. 20, 2010). In 2005 he was resentenced to three concurrent terms of 185 months of imprisonment, to be followed by five years of supervised released. *Id.*

[2]The court notes that plaintiff's "affidavit of obligation commercial lien" dated August 6, 2007 is signed by three individuals, two of whom are, or were, inmates within the BOP. (D.I. 38, attach. 14) ; *see* http://www.bop.gov/iloc2/LocateInmate.jsp.

this lawsuit in 2008. In addition, plaintiff's signature in the instant case and in pleadings he filed in his criminal case appears to be identical. At no time during this civil case, while imprisoned, did plaintiff reference his status as an incarcerated individual.

Plaintiff filed the instant complaint naming two plaintiffs - himself and Jaycee Development Limited Liability Company ("Jaycee"). (D.I. 1) James Crawford ("Crawford"), a managing member of Jaycee and a childhood friend of plaintiff, was unaware that plaintiff had filed the lawsuit and that he had included Jaycee as a defendant. (D.I. 6; D.I. 78, ex. A at 24, 32) Crawford did not authorize plaintiff to file a lawsuit on Jaycee's behalf, and Jaycee was dismissed as a plaintiff after it failed to retain counsel. (D.I. 7; D.I. 78, ex. A at 32-33)

The court dismissed the original complaint and gave plaintiff leave to amend. Following amendment, defendants moved to dismiss the amended complaint. The court dismissed all claims except for unlawful conversion, wrongful dishonor of a financial instrument, and enforcement of a lien. (D.I. 53) Thereafter, the court entered a scheduling order with a discovery deadline of January 13, 2012 and dispositive motion deadline of February 13, 2012. (D.I. 54)

Presently before the court are defendants' motion to compel plaintiff's deposition and motion for summary judgment and plaintiff's motion for summary judgment. (D.I. 65, 78, 83)

### III. FAILURE TO PROSECUTE

The court turns to the issue of plaintiff's failure to prosecute, given that he refuses to attend his deposition. Defendants move for an order to compel plaintiff's attendance

2

at his deposition and/or to reserve the right to seek sanctions, including dismissal with prejudice. (D.I. 65, 89)

Defendants scheduled plaintiff's deposition to take place on September 30, 2011, in Wilmington, Delaware. Defendants did not have plaintiff's telephone number and in the letter enclosed with the notice stated, "Currently, we do not have a telephone number for you, therefore, if this date is not convenient for you, please contact us no later than September 21, 2011 at 5:00 pm. E.S.T. to provide dates of your availability so that your deposition can take be taken before October 15, 2011." (D.I. 65, ex. A) Defendants also asked plaintiff to provide his telephone number.

Plaintiff responded via email on September 21, 2011, that "there will be no verbal agreements, so a phone number from the plaintiff will not be necessary nor provided. Plaintiff do [sic] not conduct business over the phone." (*Id.* at ex. B) Plaintiff further stated that in his view, "defendants waived their right to a defense, which includes but [is] not limited to, the defendants' attorneys deposition the plaintiff. Therefore, the deposition will not occur on September 30, 2011 or any other date. . . ." (*Id.*) In addition, plaintiff filed an objection to the notice of his deposition and to the motion to compel his deposition based upon his claim that defendants waived their right to a defense. (D.I. 67, 70)

Rule 37 provides the court with the authority to dismiss a case for failure to comply with a discovery order and for a party's failure to attend his own deposition. Fed. R. Civ. P. 37(b), (d). In addition, pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or

3

any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v.*

*Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). The court notes that, according to PACER, plaintiff is no novice to litigation, having filed numerous civil actions and appeals while proceeding pro se. *See* https://pcl.uscourts.gov.

Second, defendants are prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens defendants' ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's refusal to attend his deposition severely impedes defendants' ability to prepare a trial strategy. In addition, on December 21, 2011, plaintiff failed to attend the deposition of Crawford, an important fact witness. The same acts also lead to the conclusion that, as to the third factor, there is a history of dilatoriness for plaintiff's refusal to participate in the discovery process.

As to the fourth factor, the facts to date lead to a conclusion that plaintiff's failure to prosecute is willful or in bad faith. Plaintiff filed this lawsuit yet he refuses to attend his deposition. Indeed, the court finds specious plaintiff's position that defendants have waived their defenses. Nor is there any justification for plaintiff's refusal to provide defendants with his telephone number. *See Poulis*, 747 F.2d at 868 ("Willfulness involves intentional or self-serving behavior."). For these reasons, the court finds plaintiff's actions willful and in bad faith.

As to the fifth factor, plaintiff proceeds pro se and, according to Crawford, plaintiff has a lawn service and may be employed as a telecommunicator. (D.I. 78, ex. A at 38) Given what appear to be limited resources, it is doubtful that monetary sanctions would be effective.

5

As to the sixth factor, the merits of the claim, defendants have provided evidence that plaintiff engaged in a scheme to fraudulently obtain millions of dollars from defendant Bank of America ("Bank of America"). Plaintiff approached Crawford, his childhood friend, under the guise of investing in Jaycee, through the use of a "bonded bill of exchange." ("BBOE"). (D.I. 78, ex. A at 25-31) However, when Crawford presented the BBOE to the Bank of America, he was told that the BBOE was a fraud, and Crawford had no further involvement with plaintiff. (*Id.* at 31-32) Moreover, after wading through plaintiff's voluminous documents, the court finds no evidence to support plaintiff's claims. (*See* D.I. 38, 87) Finally, the court takes judicial notice that plaintiff has a history of meritless claims to judgment on liens that were allegedly filed and/or reduced to judgment. *See United States v. Stubbs*, 2008 WL 3981457, at *1 (N.D. Oh. Aug. 14, 2008) ("The defendant in this criminal case has filed a spurious motion for summary judgment. . . . Those liens are manifestly a nullity. There is no merit whatsoever to plaintiff's motion for summary judgment.").

The court finds that the *Poulis* factors weigh in favor of dismissal given plaintiff's: (1) refusal to attend his deposition; (2) failure to attend the deposition of a fact witness; and (3) refusal to provide defendants with his telephone number. Notably, plaintiff has a history of meritless claims to judgment on liens filed and/or reduced to record. Finally, the evidence of record indicates there is an unlikelihood of success on the merits of plaintiff's claims.

## V. CONCLUSION

For the above reasons, the court will grant defendants' motion to compel and/or to dismiss, and will dismiss the case pursuant to Fed. R. Civ. P. 37 and for failure to prosecute. (D.I. 65, 89) The pending motions for summary judgment will be denied as moot. (D.I. 78, 83)

An appropriate order will issue.